UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DANIEL W. ROUSE, | ) | |
| --- | --- | --- |
| Petitioner, | ) ) ) | |
| v. | ) ) | Nos. 2:08-CR-49-JRG-1 2:16-CV-58-JRG |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 161, 168].[1] The United States responded in opposition on April 15, 2016 [Doc. 163]; Petitioner replied in turn on June 9, 2016 [Doc. 167]. Recently, the United States filed a motion to deny and dismiss the petition based on an intervening decision of the Supreme Court [Doc. 170]. Also before this Court are FDSET's motion to withdraw as counsel and for an extension of time so that Petitioner can submit additional pro se arguments in support of his claim [Docs. 171, 172]. On April 18, 2017, Petitioner filed what the Court interprets as a motion for leave to amend the original petition to include two novel grounds for relief [Doc. 174]. For the reasons below, Petitioner's request for leave to amend [Doc. 174] and FDSET's request for an extension of time [Doc. 171] will be **DENIED**; FDSET's motion to withdraw [Doc. 172] will be **GRANTED**. The United States's motion to deny and dismiss [Doc.

---

[1] On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of reviewing the case to determine whether Petitioner is eligible for collateral relief based on the *Johnson* decision. *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed a reply to the United States' response and a supplement in support of *Johnson*-based relief.

170] will be **GRANTED** and the supplemented petition [Docs. 161, 168] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.      BACKGROUND

In 2008, Petitioner pled guilty to bank robbery, in violation of 18 U.S.C. § 2113 [Doc. 30]. Petitioner faced a statutory penalty of up to twenty years' imprisonment because of the offense [*Id.* ¶ 1(a)]. In his plea agreement, Petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255," except for "claims of ineffective assistance of counsel or prosecutorial misconduct" [*Id.* ¶ 13(b)].

Based on prior Tennessee convictions for aggravated burglary and evading arrest, the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines with an advisory Guideline range of 151 to 188 months' imprisonment [Presentence Investigation Report (PSR) ¶¶ 34, 35, 26, 66]. The Court sentenced Petitioner to 188 months' incarceration on February 4, 2009 [Doc. 90].

Petitioner appealed, but the Sixth Circuit dismissed his appeal as barred by the appeal-waiver in his plea agreement [Doc. 100]. Petitioner did not seek a writ of certiorari and, as a result, his conviction became final for purposes of § 2255(f)(1) on June 21, 2010. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (explaining that a conviction affirmed on appeal becomes final when the ninety-day period for seeking a writ of certiorari expires). The Supreme Court decided *Johnson v. United States*—invalidating the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)—on June 26, 2015. 135 S. Ct. 2551 (2015). Petitioner filed the instant petition less a year later [Docs. 161, 168 (challenging his career offender designation)].

2

On March 6, 2017, the Supreme Court decided *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 169].

On March 27, 2017, the United States filed a motion to dismiss Petitioner's *Johnson*-based challenge to his career offender designation in light of *Beckles* [Doc. 170]. Petitioner responded to the motion to dismiss by filing a motion for leave to amend that (1) reiterates his entitlement to collateral relief based on *Johnson* and (2) attempts to add two novel claims of ineffective assistance of counsel [Doc. 174].

## II.     MOTION FOR LEAVE TO AMEND

The United States opposes Petitioner's most recent attempt to amend the petition [Doc. 173 (suggesting that any newly filed grounds would be untimely and that this Court should deny any attempt by Petitioner to amend his existing § 2255 petition on that basis)].

### A.     Federal Rule of Civil Procedure 15(a)

While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to

the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)).

### B. Timeliness of Original and Proposed Grounds for Relief

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. i.e., he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. As such, timeliness of the petition and supplements [Docs. 161, 168, 174] depend on whether their submission complied with subsections (f)(1) and (f)(3).

### 1. Timeliness of Supplemented Petition Under Subsections (f)(1) and (f)(3)

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—a "conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Petitioner's conviction became final on June 21, 2010, after expiration of the time to seek a writ of certiorari. The window for requesting relief under that subsection expired on June 21, 2011, more than four-and-a-half years before Petitioner submitted the original petition, five years before FDSET filed the supplement in support of *Johnson*-based relief, and nearly six years before Petitioner requested leave to supplement those prior filings with two novel grounds of ineffective assistance of counsel.

To the extent Petitioner attempts to rely on subsection (f)(3)'s independent one-year filing period for newly-recognized rights made retroactively applicable on collateral review as justification for submitting the petition and supplements after June 21, 2011, only his claim for collateral relief based on the *Johnson* decision even arguably satisfies the conditions required to trigger that provision. *See* 28 U.S.C. § 2255(f)(3) (requiring reliance on a newly recognized and retroactively applicable right); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). By contrast, Petitioner's theories of ineffective assistance of counsel do not assert a newly recognized right and cannot rely on the one-year filing window under subsection

5

(f)(3). As a result, timeliness of the ineffective assistance claims depend on whether or not subsection (f)(1) was tolled.

## 2. Equitable Tolling of Subsection (f)(1)

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to her case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Review of the petition and CM/ECF record fails to reveal a single extraordinary circumstance justifying Petitioner's failure submit the proposed ineffective assistance of counsel claims within the one-year window permitted by subsection (f)(1). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). Because the theories of ineffective assistance are untimely, Petitioner's request for leave to amend will be denied so far as it seeks to supplement the petition with those two novel grounds

for relief. The Court will consider Petitioner's recent supplement as it relates to his *Johnson*-based ground.

## III. RESOLUTION OF NON-DISPOSITIVE MOTIONS

On March 31, 2017, FDSET filed two motions: one asking to withdraw as appointed counsel under the Standing Order in light of *Beckles* [Doc. 172 (explaining that she cannot further pursue a motion to vacate under *Johnson* according to the limited appointment authorization provided by the Standing Order)]; and another requesting that the Court grant Petitioner leave and a 30-day extension of time to file *pro se* arguments in support of the existing-petition [Doc. 171].

Because *Beckles* forecloses any possibility of *Johnson*-based relief, the request to withdraw [Doc. 172] will be **GRANTED** and counsel will be relieved of her duties under the Standing Order. The request for an extension of time [Doc. 171] will be **DENIED** because Petitioner has had more than enough time to submit pro se arguments in support of his existing grounds or supplement the same with additional theories of collateral relief. His petition has been pending before this Court for nearly a year and more than a month has passed since the Supreme Court decided *Beckles*. Under these circumstances, this Court finds any further extension would be inappropriate.

## IV. MOTION TO DISMISS WITH PREJUDICE

This Court is also in possession of the government's request to deny and dismiss Petitioner's collateral challenge to his career offender designation in light of *Beckles*. On April 18, 2017, Petitioner filed a pro se "supplement" [Doc. 174]. In addition to requesting leave to raise two novel grounds, the filing reiterated Petitioner's desire for *Johnson*-based relief [*Id.*].

For the reasons discussed in detail below, the motion [Doc. 170] will be **GRANTED**.

7

## V. REMAIN GROUNDS FOR COLLATERAL RELIEF

### A. Standard of Review on Collateral Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B. Analysis

After resolution of Petitioner's motion for leave to amend, the supplemented petition contains a single ground for relief: the *Johnson* decision removed Tennessee aggravated burglary and evading arrest from Section 4B1.2's definition of "crime of violence" and that, without those convictions, he lacks sufficient predicates for enhancement [Docs. 161, 168].[2] The United States

---

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

opposes relief for two reasons: Petitioner waived the right to collaterally challenge the sentence in his plea agreement; and, regardless, aggravated burglary and evading arrest remain crimes of violence under the Guidelines' residual clause in light of *Beckles* [Docs. 163, 170].

1. **Career Offender Designation After *Beckles***

    a. **Waiver**

It is well established that an informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable. *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999); *United States v. McGlivery*, 403 F.3d 361, 363 (6th Cir. 2005). The Sixth Circuit recently held that the same is true even where that waiver prevents a petitioner from challenging his base offense level or career offender enhancement based on *Johnson*. *See In re Garner*, No. 16-1655, 2016 WL 6471761, at *1–2 (6th Cir. Nov. 2, 2016) (denying leave to file a successive petition challenging career offender enhancement based on *Johnson* where defendant voluntarily waived his right to raise collateral challenges).

"The Federal Rules of Criminal Procedure give the parties ample room to tailor plea agreements to different needs—whether they are the right to appeal, the right to benefit from future changes in the law or other concerns that the defendant . . . may have." *United States v. Bradley*, 400 F.3d 459, 466 (6th Cir. 2005). For purposes of the instant case, Petitioner "knowingly and voluntarily" waived his right to collaterally challenge his sentence with the exception of cases which involve claims of ineffective assistance or prosecutorial misconduct

---

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

9

[Doc. 30 ¶ 13(b)]. The fact that "developments in the law [have] expand[ed] [Petitioner's forfeited] right [of collateral review] . . . does not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature." *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005). In light of the binding nature of Petitioner's wavier, Petitioner's *Johnson*-based challenge will be dismissed. *Accord United States v. Avery*, No. 3:16-cv-2, 2016 WL 7467967, at *4–6 (S.D. Ohio Dec. 28, 2016) (denying *Johnson*-based challenge based on pre-*Johnson* waiver); *United States v. Strauss*, No. 16-cv-11397, 2016 WL 68733398, at *2–3 (E.D. Mich. Nov. 2, 2016) (same); *United States v. Muller*, No. 16-cv-20009, 2016 WL 6892268, at *2–3 (E.D. Mich. Nov. 2, 2016) (same).[3]

### b. Merits of *Johnson*-Based Guideline Challenge

Even if the waiver contained in his plea agreement did not bar Petitioner's challenge, it would fail because the Guidelines are not subject to void for vagueness analysis. *Beckles*, 137 S. Ct. 894. As such, the *Johnson* decision does not justify the collateral relief that Petitioner requests.

## IV. CONCLUSION

---

[3] While this Court recognizes that courts within this district have repeatedly stated that it is "far from clear" that waiver of the right to collaterally challenge a sentence can be enforced to bar challenges based on the *Johnson* decision, *Mefford v. United States*, No. 3:15-cv-575, 2016 WL 1737094, at *1, n. 1 (E.D. Tenn. May 2, 2016); *Cox v. United States*, No. 3:15-cv-362, 2016 WL 552350, at *1, n. 1 (E.D. Tenn. Feb. 10, 2016); *Nance v. United States*, 3:15-cv-387, 2016 WL 527193, at *1, n. 1 (E.D. Tenn. Feb. 9, 2016), each of those cases alleged improper categorization under the ACCA. Unlike mistaken enhancement under the ACCA, improper career offender or base offense level enhancement does not result in a sentence "in excess of the maximum authorized by law." *See, e.g.*, *United States v. Thompson*, No. 3:06-cr-56, 2008 WL 6506506, at *14 (W.D. Ky. Nov. 7, 2008) (explaining that knowing and voluntary waivers are enforceable so longs as they do not result in a miscarriage of justice and that a miscarriage of justice arises where the sentence imposed exceeds the statutory maximum permissible).

For the reasons discussed above, Petitioner's request for leave to amend [Doc. 174] and FDSET's request for an extension of time [Doc. 171] will be **DENIED**; FDSET's motion to withdraw [Doc. 172] will be **GRANTED**. The United States's motion to deny and dismiss [Doc. 170] will be **GRANTED** and the supplemented petition [Docs. 161, 168] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE